```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Keith Russell Judd

    v.                                            Case No. 11-fp-259

New Hampshire Secretary of State

## REPORT AND RECOMMENDATION

Before the court is Keith Russell Judd's "Motion for Relief from Judgment or Order Under Twenty Fourth Amendment; and Motion to Amend for Court Order to Register All Convicted and Incarcerated Felons to Vote in all Federal Elections and Caucuses and Democratic National Convention; and for Order to Remove Barack Obama from State's 2012 Presidential Primary Election Ballot/Caucus and Award All Delegates to Keith Judd, Democratic Presidential Candidate" (doc. no. 18).  For the reasons explained herein, the court recommends the motion be denied, and that Judd be directed to pay the filing fee before any further action is taken in this matter.

### Background

On May 23, 2011, Judd filed a complaint (doc. no. 1) against the New Hampshire Secretary of State, seeking an injunction placing Judd on the 2012 New Hampshire presidential

primary ballot as a Democratic candidate for president, as well as declaratory relief finding unconstitutional "all state laws in conflict" with that declaration.  Further, Judd sought a declaratory judgment and preliminary injunction granting all convicted felons the right to vote in the federal presidential primary election.

Judd moved (doc. no. 5) for a waiver of the filing fee in this case; the motion was denied on June 21, 2011.  On July 11, 2011, Judd filed "Motion to Reopen and Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation No. 2276 to Transfer for Consolidated-Coordinated Proceedings Under 28 U.S.C. § 1407; Class Action Certification Pending" (doc. no. 7).  On August 2, 2011, the court denied the motion, stating that no case had ever been opened due to Judd's failure to pay the filing fee or complete the in forma pauperis application, and therefore there was no civil case for the court to "reopen" or "stay."  The court instructed Judd to complete his in forma pauperis application within thirty days, and stated that if he failed to do so, the matter would be terminated.

Judd did not file an in forma pauperis application or pay his filing fee, but instead appealed the court's August 2, 2011, order to the United States Circuit Court of Appeals for the

First Circuit (doc. no. 8).  On January 10, 2012, the First Circuit dismissed the appeal for failure to either pay the filing fee or demonstrate why the appeal was not subject to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  See Judd v. Gardner, No. 11-2094 (1st Cir. Jan. 10, 2012).  On January 17, 2012, this court denied as moot Judd's motion to waive the filing fee, in light of the First Circuit's dismissal of the appeal.

On February 27, 2012, Judd filed a "pleading" entitled "Game-Over Economics . . . " (doc. no. 17), in which Judd makes a "Declaration of Independent Thought" concerning the economics of this country, and having no apparent connection to any effort to pursue this case.  No further action was taken in this case until Judd filed the instant motion for relief from judgment (doc. no. 18) on August 6, 2012.

**Discussion**

I.  Motion to Reopen

The court has never received a filing fee or a completed application for in forma pauperis status in this case.  Accordingly, no case was ever opened, and no judgment ever entered.  To the extent that any judgment was entered in this matter, it was entered by the First Circuit and is not subject

to reopening by this court.  The instant motion seeks relief from a judgment of this court that does not exist, and accordingly, should be denied.

II.  Three Strikes

Although Judd has never applied for in forma pauperis status in this case, the court notes numerous federal courts around the country have found Judd to be subject to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1]  As Judd has already been determined by other federal courts to have accumulated more than three strikes for the purposes of § 1915(g), he is subject here to the three strikes restriction set forth in that statute.  Judd has not asserted facts in this action suggesting that he is exposed to

---

[1] See e.g., Judd v. Fed. Election Comm'n, 311 F. App'x 730, 731 (5th Cir. 2009); Judd v. Univ. of N.M., 204 F.3d 1041, 1044 (10th Cir. 2000); Judd v. Furgeson, Civ. No. 01-4217 (JBS), 2012 WL 5451273, *1 (D.N.J. Nov. 5, 2012); Judd v. Secretary, No. 3:11cv879 (MRK), 2011 WL 7628681, *1 (D. Conn. Dec. 19, 2011); Judd v. Secretary, M.B.D. No. 11094007-FDS, 2011 WL 6304139, *1-*2 (D. Mass. Dec. 15, 2011); Judd v. Secretary, No. 2:11-cv-00853-JCM-PAL, 2011 WL 6736053, *2 (D. Nev. Nov. 4, 2011), report and recommendation adopted by No. 2:11-CV-853 JCM PAL, 2011 WL 6736054, *1 (D. Nev. Dec. 20, 2011); Judd v. Secretary, No. 4:11-CV-04049, WL 2011 3901929, *2 (W.D. Ark. July 7, 2011), report and recommendation adopted by 2011 WL 3901932, *1 (W.D. Ark. Sept. 6, 2011); Judd v. State Bd. of Elections, No. RDB-11-1447, 2011 WL 2413513, *2 (D. Md. June 10, 2011); Judd v. Fed. Election Comm'n, No. 07 2204, 2007 WL 4336164, *1 (D.D.C. Dec. 7, 2007) (collecting cases); Judd v. United States, No. 05-726C, 2005 WL 6112661, *4 (Fed. Cl. Dec. 9, 2005).

4

an "imminent danger of serious physical injury," and thus has not satisfied the statutory exception to the three strikes bar. 28 U.S.C. § 1915(g).  An order requiring Judd to complete an in forma pauperis application would therefore be futile. Accordingly, Judd must pay the filing fee if he intends to proceed with this action.

## Conclusion

For the foregoing reasons, Judd's motion for relief from judgment (doc. no. 18) should be denied.  The court also recommends that Judd be required to pay the $350 filing fee before any further action is taken in this matter.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

```
```

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 14, 2012

cc: Keith Russell Judd, pro se

LBM:jba

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 14, 2012

cc: Keith Russell Judd, pro se

LBM:jba

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 14, 2012

cc:  Keith Russell Judd, pro se

LBM:jba